FILED

2015 AUG 17 AM 11: 21

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VERISIGN, INC.,

        Plaintiff,

v.

XYZ.COM, LLC

-and-

DANIEL NEGARI,

        Defendants.

Case No. 3:15-mc-26-J-39JRK

Underlying Litigation:
Case No. 1:14-cv-01749-CMH-MSN
United States District Court
Eastern District of Virginia

**ORAL ARGUMENT REQUESTED**

### VERISIGN, INC.'S MOTION TO COMPEL WEB.COM TO PRODUCE ANOTHER 30(B)(6) WITNESS TO TESTIFY ON TOPICS THAT WEB.COM'S WITNESS LACKED KNOWLEDGE AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

VeriSign, Inc., by counsel, pursuant to Rules 26, 30, 37, and 45 of the Federal Rules of Procedure, as well as Local Rule 3.01, hereby moves to compel non-party Web.com Group, Inc. ("Web.com") to produce a corporate designee to sit for a deposition to cover certain topics that Web.com's designee lacked knowledge during the initial deposition on August 4, 2015, for the case *Verisign, Inc. v. XYZ.COM, LLC and Daniel Negari*, 1:14-cv-01749, which is currently pending in the Eastern District of Virginia.

## INTRODUCTION

This motion to compel arises out of a false advertising case pending in the Eastern District of Virginia. Verisign issued a 30(b)(6) deposition subpoena to nonparty Web.com seeking testimony on twelve discrete topics. The parties agreed to hold the deposition on August 4, 2015, and Web.com did not object to the categories contained in the subpoena. At the deposition, Web.com's corporate designee, Jason Teichman, admitted that he lacked knowledge to answer questions relating to two important topics that were contained in his deposition notice.

Mr. Teichman identified the individual at Web.com who would have the knowledge necessary to answer these questions. Verisign requests the Court's assistance in ordering that deposition.

## RELEVANT BACKGROUND

### A. The Domain Name Industry

By way of summary, Verisign is, and has since 2000 been, the registry operator for the largest generic top level domain ("gTLD"), .COM, together with a number of other TLDs. A top-level domain is, in simple terms, the letters to the right of the "dot" in a domain name, e.g., .COM or .ORG. Unlike a country-code TLD which is generally assigned to a country, sovereign state or dependent territory (e.g., UK), a gTLD is one associated with a "generic" term such as .COM or .ORG. *See* Declaration of Kevin W. Weigand at ¶¶ 3-4.

In 2008, ICANN approved a program for the launch of new gTLDs in the Internet's addressing system. As part of ICANN's new program, persons and entities

2

were permitted to apply, for a fee, for the rights to serve as the exclusive registry for proposed gTLDs. *Id.* at ¶ 5.

The defendants in the underlying litigation, XYZ.COM, LLC and Negari, successfully applied and received permission to operate the registry for a new gTLD, .XYZ. *Id.* at ¶ 6.

**B. The Underlying EDVA Litigation**

A true and correct copy of the Complaint is attached to the Declaration of Kevin W. Weigand as Exhibit A. The Complaint sets forth a single count for Deceptive Advertising and Unfair Trade under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits false or misleading advertising and unfair competition in interstate commerce.

Verisign alleges that Defendants XYZ.COM, LLC and Daniel Negari violated the Lanham Act by engaging in a direct comparative advertising campaign that targeted Verisign's .COM registry (by name). Specifically, Defendants XYZ.COM, LLC and Daniel Negari made false and misleading statements about: (a) the only thing that is left is "something with a dash, or maybe three dashes and a couple of numbers in it," and (b) the penetration and volume of registrations in the .XYZ registry (*i.e.*, Negari asserted that he had "447,544 domains registered" as of August 2015), but none of these claimed registrations reflect bona fide users; instead they are phantom registrations based on a fake "giveaway" scheme.

3

### C. The Critical Importance of Web.Com in the Underlying EDVA Litigation

Prior to filing this litigation, Verisign discovered that third-party registrars were causing "hundreds of thousands of registrants of .COM domain names to take a one year .XYZ domain name registration for no fee—but without the affirmative consent of the registrant, and in some instances, without any notice to the registrant." Compl. at ¶ 44. Information relating to this allegation forms the core of Verisign's liability case because Verisign contends that Defendants' statements about penetration and registrations in the .XYZ registry are false and misleading precisely because they are giveaways, not bona fide registrations.

Web.com (in connection with or through its subsidiary, Network Solutions) participated in this giveaway scheme. As alleged in Paragraph 49 of the Complaint:

> On June 4, 2014, an internet domain name commentator reported that third party "**Network Solutions** gave away thousands of .XYZ domain names for free to people who hadn't requested them, artificially inflating the new gTLD's launch day numbers." The same commentator reported that, at that time, of the 36,335 registered .XYZ domain names, approximately 27,000 were associated with **Network Solutions, LLC and its parent, Web.com.**

Compl. ¶ 49 (emphasis added).

Significant third party sources recognize Web.com's participation in the giveaway scheme. *See, e.g.*, http://domaingang.com/domain-news/bullshit-xyz-campaign-network-solutions-coming-end/ ("As analyzed by the experts at HosterStats, the Network Solutions 'DNA' of .XYZ registrations does not match that of any other gTLD; the mass campaign to inflate the XYZ numbers via *robo-registrations* led to more than 116,000

4

.XYZ domains being in the zone file total");

http://www.thedomains.com/2014/06/03/did-networksolutions-com-give-away-free-xyz-domain-names/ ("Did Network Solutions give away free .XYZ domain names?");

http://domainincite.com/16792-how-netsol-opts-you-in-to-cybersquatted-xyz-names ("As previously reported, [Network Solutions] has been giving away domain names in .xyz to owners of the matching .com names. Tens of thousands of .xyz names seem to have been registered this way in the last week... The effect of this has been to propel .xyz into the leading spot in the new gTLD league table. But it's not clear how much, if any, support [Network Solutions] has received from the registry, XYZ.com."). The previous link actually contains a purported registration email from Network Solutions, stating: "Your new .XYZ domain name is now available in your Network Solutions account . . ."

XYZ has made public statements asserting that XYZ has received the full wholesale price for every .xyz domain name sold and has achieved $5-6M in revenue in .xyz's first 6 months of its general availability. Based upon information obtained in discovery, Verisign believes that Defendants made such statements knowing that they were false. Web.com's pricing and method of accounting for the transaction will help show that the understanding between the parties was that Verisign was not earning revenue as a result of these "free" giveaways, but was actually paying Web.com to purchase .xyz domain names so it would falsely appear that users were voluntarily purchasing such domain names on their own. Consequently, this information is critical to prove Defendants' statements were false and were knowingly made with the intention to deceive consumers.

### D. The 30(b)(6) Deposition

On June 18, 2015, Verisign served a notice to take Web.com's 30(b)(6) deposition on July 3, 2015, a date agreed to by the parties' counsel. However, Web.com failed to timely produce all documents in response to Verisign's related subpoena (which had been issued more than 3 months earlier), forcing Verisign to postpone the deposition in order to first address the motion to compel.

After Verisign and Web.com reached an agreement to resolve the motion to compel, they agreed to reschedule Web.com's 30(b)(6) for August 4, 2015. *See* **Exhibit A.** Verisign's subpoena provided a list of twelve topics that Web.com's on which Web.com's corporate designee would testify. Topic 7 asked Web.com to produce a knowledgeable witness regarding "your pricing and method of accounting for, and associated with the transaction reflected by the documents in Exhibit 4, Exhibit 5, and Web 000068 through Web 000083, including whether you recognized XYZ's payments for the advertising impressions reflected in Exhibit 5 as revenue." Topic 10 asked Web.com to produce a knowledgeable witness regarding "ICANN inquiries of Web.com. . . . ."

At the deposition, Jason Teichman, Web.com's corporate designee, could not testify with knowledge relating to these issues. Verisign has asked Web.com to produce a deponent with knowledge, and Web.com has refused. Accordingly, Verisign requests an additional 30(b)(6) deponent who can opine on the topics identified in Paragraphs 7 and 10 of the Schedule A that accompanied Web.com's deposition notice.

## ARGUMENT

"An entity responding to a 30(b)(6) notice should make a diligent inquiry to determine the individual or individuals best suited to testify on the topics." *Alvarez v. United States*, 2015 WL 4645950, at *1 (citing Middle District Discovery (2001) at 6;[1] *see also Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07–80185–CIV, 2008 WL 360588, at *2 (S.D. Fla. Feb.8, 2008)) ("Once a corporation has been served with the Rule 30(b)(6) motion, it has a duty to produce individuals able to testify regarding the matters noticed."). As such, "counsel should prepare the designated witness so that the witness can provide complete and meaningful information about the topics of inquiry." *Alvarez*, 2015 WL 4645950, at *1 (internal citations omitted).

When the corporate designee lacks sufficient knowledge to testify to topics pertaining to the 30(b)(6) deposition, a second deposition with a witness who does possess knowledge is appropriate. *Id.* at *1-2 (concluding that "Plaintiffs may depose an additional 30(b)(6) witnesses after the witness "lacked sufficient knowledge about the implementation of the Plan within the DOJ's subordinate agencies," a topic contained in the 30(b)(6) notice) (internal citations omitted).

Since Web.com's corporate designee was not knowledgeable on all topics contained in his Rule 30(b)(6) deposition notice, the Court should order Web.com to produce another corporate designee with knowledge to testify to these issues.

## CONCLUSION

WHEREFORE, for the reasons stated in this motion, the supporting memorandum, and for any such reasons as appear to the Court at a hearing in this matter,

7

Verisign requests that this motion be granted and that the Court order Web.com to produce a witness with knowledge to testify regarding Topic 7 of Verisign's subpoena for a 30(b)(6) deposition, attached as Exhibit A.

### LOCAL RULE 3.01(g) STATEMENT

Pursuant to Local Rule 3.01(g), the parties have met and conferred in a good faith effort to resolve the issues raised by the motion, but were unable to agree on the resolution of the motion as of the time of this filing. The parties will update the Court if they have reached an agreement that no longer requires the Court's assistance.

Dated: August 17, 2015

**Trial Counsel**

By: *J. Douglas Baldridge* (by Kevin W. Weigand with permission VA Bar 81073)
J. Douglas Baldridge (FL Bar # 0708070)
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
Telephone: (202) 344-4703
Facsimile: (202) 344-8300
Email: jdbaldridge@venable.com

*Randall K. Miller
*Nicholas M. DePalma
*Kevin W. Weigand
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
(Phone) 703.905.1449
(Fax) 703.821.8949
Email: rkmiller@venable.com
Email: nmdepalma@venable.com
Email: kwweigand@venable.com

Counsel to Plaintiff VeriSign, Inc.

*subject to admission pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2015, I sent a copy of the foregoing to the following via first-class mail and electronic mail:

Timothy J. Battle
524 King Street
Alexandria, VA 22320-4593
(703) 836-1216 Tel
(703) 549-3335 Fax
Email: tjbattle@verizon.net

Derek A. Newman
Newman Du Wors, LLP
100 Wilshire Boulevard
Suite 940
Santa Monica, CA 90401
310.359.8188 Tel
310.359.8190 Fax
Email: dn@newmanlaw.com

*Counsel to Defendants XYZ.COM, LLC and Daniel Negari*

Jason Koral
COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
212-479-6000 (Tel.)
212-479-6275
jkoral@cooley.com

*Counsel to Web.Com*

By: _J. Douglas Baldridge_ (by Kevin W. Weigand with permission — VA Bar 81073)
J. Douglas Baldridge (FL Bar # 0708070)
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
Telephone: (202) 344-4703
Facsimile: (202) 344-8300
Email: jdbaldridge@venable.com

*Counsel to Plaintiff VeriSign, Inc.*

9