IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| VERISIGN, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> XYZ.COM, LLC <br><br> -and- <br><br> DANIEL NEGARI <br><br> *Defendants*. | Case No. 3:15-mc-00026-BJD-JRK <br><br> Underlying Litigation: <br> **Case No. 1:14-cv-0179-CMH-MSN** <br> United States District Court <br> Eastern District of Virginia |

**NON-PARTY WITNESS WEB.COM GROUP, INC.'S OPPOSITION TO VERISIGN, INC.'S MOTION TO COMPEL ADDITIONAL TESTIMONY**

Pursuant to Rules 26, 37, and 45 of the Federal Rules of Civil Procedure, and Local Rule 3.01, non-party witness Web.com Group, Inc. ("Web.com"), by and through undersigned counsel, respectfully opposes Verisign, Inc.'s ("Verisign") motion to compel additional witness testimony in connection with its pending litigation in the Eastern District of Virginia.

**INTRODUCTION**

Verisign's motion to compel additional witness testimony from non-party Web.com is meritless. Web.com produced a witness with full knowledge of all the topics requested by Verisign when it first issued its subpoena in June 2015. Verisign's blatant bait and switch—adding 7 additional topics over a month after the witness had been designated and only two business days before the deposition—does not justify further burdens on Web.com.

Verisign's gamesmanship is particularly inappropriate given the glaring lack of relevance of the testimony sought. The underlying lawsuit is a single count complaint alleging false advertising by defendants XYZ.com, LLC and Daniel Negari (hereafter collectively referred to as "XYZ"). Verisign alleges that XYZ falsely represented the number of genuine registrations it had secured in connection with XYZ's transactions with Web.com. The method used to *account* for those transactions—i.e. how or whether revenue was recognized internally—is completely irrelevant to the false advertising claim. Moreover, even if XYZ's accounting treatment was somehow relevant, that still provides no basis for forcing third party Web.com to explain its own accounting treatment of those transactions. On the contrary, the entire inquiry smacks of an illegitimate effort by Verisign—one of Web.com's most significant business partners—to acquire useful competitive intelligence into Web.com's business.

**FACTUAL BACKGROUND**

On June 18, 2015, Verisign served its subpoena ad testificandum on Web.com (the "Subpoena"). *See* Declaration of Jason Koral in Supp. of Web.com's Opp. to Mot. to Compel, dated August 31, 2015 ("Koral Dec."), ¶ 2. The Subpoena requested that Web.com designate a witness with knowledge of five designated topics. *Id*. The topics consisted of knowledge concerning several agreements between Web.com (and/or its affiliates) and XYZ, all entered into in the first half of 2014. *Id*.

On June 24, 2015, counsel for Web.com responded promptly to the subpoena by designating Jason Teichman as its witness. *Id*. at ¶ 3. Mr. Teichman, Chief Operating Officer, was the senior executive at Web.com with responsibility for the transactions at Web.com. *Id*. On July 22, 2015, Verisign proposed that the deposition take place on August 4, 2015, and Web.com agreed. *Id*. at ¶ 4.

On the afternoon of Friday, July 31, over a month after Mr. Teichman was designated as a witness, and a mere two business days before the scheduled deposition, Verisign emailed a new subpoena form to counsel for Web.com. *Id*. at ¶ 5. This new subpoena form sought testimony regarding 12 topics, more than double the number of topics set forth in the original subpoena. *Id*. In particular, the new form sought testimony on certain accounting matters, for which Mr. Teichman lacked expertise. *Id*. Of course, it was not feasible for Mr. Teichman to acquire that expertise mere days before his deposition. Nor was it feasible to identify and make available an alternative or additional deponent on a mere two business days' notice. Counsel for Web.com informed Randy Miller, counsel for Verisign, that although Mr. Teichman could identify and authenticate certain documents relating to accounting matters, his knowledge concerning that subject was limited. *Id*. at ¶ 6-7. The deposition nonetheless went forward as originally planned. *Id*. at ¶ 7.

## DISCUSSION

### I.     Web.com Complied with the Subpoena and Should Not Face Additional Burden

Web.com complied with the Subpoena. It promptly designated a witness with knowledge of the five topics noticed by Verisign. It is uncontested that the witness had knowledge of those topics and testified to them at his deposition.

The entire basis of Verisign's motion is its belated submission of an ersatz amended subpoena, served only two business days prior to the deposition, purporting to add 7 additional topics. That was a blatant bait-and-switch. By that late date, it was not feasible for Web.com to change its designated witness, nor provide the already designated witness a crash course in revenue recognition and GAAP accounting. By adding supplemental topics at the very last

minute, Verisign set up the very situation it now seeks to exploit: to get two bites at the same apple, and burden a non-party by having to produce two separate witnesses.

Verisign's conduct is inequitable and its application should be denied on that basis alone. *See Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003) ("Although Rule 26(b) applies to discovery of non-parties as well as parties in suit, non-party status is considered by court in weighing burdens imposed in providing the requested discovery.") (internal citations omitted). Denial is particularly appropriate because as set forth further below, the matters on which testimony are sought are irrelevant. *See Am. Airlines, Inc. v. In Charge Mktg., Inc.*, No. 2:10-CV-00467-JES, 2012 WL 2116349, at *2 (M.D. Fla. 2012) ("With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request.").

**B.     The Information Sought is Neither Relevant nor Admissible**

The complaint in the underlying lawsuit alleges a single count for false advertising by XYZ. The only allegation relevant to this dispute relates to XYZ's public statements concerning the volume of registrations under the .XYZ domain name. Verisign alleges that those statements were misleading because the .XYZ registrations did not "reflect bona fide users."

Verisign further alleges that many of the .XYZ registrations came about as a result of transactions with Web.com. Verisign contends that these transactions involved providing .XYZ registrations to existing Web.com customers free of charge (i.e. what Verisign calls a "giveaway"). Verisign's position appears to be that since the customers purportedly did not pay for the registrations, it is inappropriate for XYZ to refer to these registrations in its public statements and marketing materials.

Web.com is not a defendant in the underlying action and is not accused of wrongdoing. Nonetheless, Web.com willingly provided a witness at Verisign's demand to testify as to the nature of its transactions with XYZ. In particular, the Web.com witness gave precise and detailed testimony concerning the matter at issue in the case: the terms under which the .XYZ registrations were provided to customers.

Nonetheless, Verisign seeks additional testimony on a matter with no conceivable relevance to its lawsuit: how Web.com (not XYZ) accounted for its transactions on its own internal books of account. Needless to say, Web.com's internal accounting policies and the application of those policies to particular transactions are entirely irrelevant to the truth or falsity of XYZ's marketing campaigns. *See Cytodyne Techs.*, 216 F.R.D. at 535 (M.D. Fla. 2003) (only relevant matters discoverable from third parties).

Verisign's motion to compel, while containing some discussion of the overall transaction between Web.com and XYZ, has little to say about the relevance of the specific testimony sought. Verisign contends that "Web.com's pricing and method of accounting for the transaction will help show that the understanding between the parties was that Verisign [*sic*] was not earning revenue." But Web.com's witness testified extensively about the pricing of the transaction. And Web.com's accounting methods and internal revenue recognition for the transaction were not, and could not possibly have been, a subject of XYZ's advertising campaign. To the contrary, such matters are entirely internal and confidential to Web.com.

Verisign's motion alludes to "public statements" by XYZ that "XYZ . . . has achieved $5-6M in revenue . . . ." But the motion does not provide the evidentiary basis that this particular statement was actually made. Moreover, even if Verisign could adduce evidence that XYZ made a public statement about its revenue, evidence of **Web.com's revenue** (or the lack thereof) is not

relevant or admissible to establish *XYZ's revenue*. Verisign is simply seeking evidence from the wrong party. And given the sensitivity of the internal accounting records sought, the lack of relevance should bar Verisign's application.

**C.     Denial of the Motion to Compel Will Not Prejudice Verisign**

To the extent that Verisign seeks to establish improper accounting treatment by XYZ, it already has all the means to do so without any contribution from Web.com. We understand that Verisign has already received all relevant documents from XYZ concerning XYZ's accounting policies and accounting treatment. Verisign has also retained an expert witness to testify to the propriety of XYZ's accounting treatment under Generally Accepted Accounting Principles ("GAAP"). Web.com has nothing useful to add. Either XYZ's accounting accorded with GAAP or it did not. How Web.com—a separate company with its own accounting policies—accounted for the other side of the transaction is irrelevant and almost certainly inadmissible. Third party discovery should be limited to what is reasonably needed, and not used as a vehicle to dragoon a nonparty into acting as unwilling expert witness for one side.

## CONCLUSION

For the foregoing reasons, non-party witness Web.com respectfully requests that the Court deny Verisign's Motion to Compel and impose sanctions as appropriate pursuant to Federal Rule of Civil Procedure 45(d)(1).

Dated: August 31, 2015  Respectfully Submitted,


By: /s/ *Christian E. Dodd*
Christian E. Dodd
Florida Bar No.: 0093404
Hickey Smith LLP
10752 Deerwood Park Blvd., Suite 100
Jacksonville, FL  32256
Telephone: (904) 374-4238
Facsimile: (904) 374-4238
Email: cdodd@hickeysmith.com

-and-

Jason Koral  (*pro hac vice pending*)
Kiva G. Schrager  (*pro hac vice pending*)
Cooley LLP
1114 Avenue of the Americas
New York, NY  10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: jkoral@cooley.com

*Attorneys for Web.com Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2015, I sent a copy of the foregoing, along with the supporting declaration cited therein, to the following via first-class mail and electronic mail:

J. Douglas Baldridge
Venable LLP
575 7th Street, NW
Washington, DC 20004
Email: jdbaldridge@venable.com

Randall K. Miller
Nicholas M. DePalma
Kevin W. Weigand
Venable LLP
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA  22182
Email: rkmiller@venable.com
Email: nmdepalma@venable.com
kwweigand@venable.com

Counsel for Plaintiff VeriSign, Inc.

Timothy J. Battle
524 King Street
Alexandria, VA 22320-4593
Email: tjbattle@verizon.net

Derek A. Newman
Newman Du Wors, LLP
100 Wilshire Blvd., Suite 940
Santa Monica, CA  90401
Email: dn@newmanlaw.com

Counsel for Defendants XYX.COM, LLC and Daniel Negari

 

/s/ *Christian E. Dodd*
Christian E. Dodd
Florida Bar No.: 0093404