IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| VERISIGN, INC.,<br><br>    *Plaintiff,*<br><br>  v.<br><br>XYZ.COM, LLC<br><br>-and-<br><br>DANIEL NEGARI<br><br><br>    *Defendants.* | Case No. 3:15-mc-00026-BJD-JRK<br><br>Underlying Litigation:<br>**Case No. 1:14-cv-0179-CMH-MSN**<br>United States District Court<br>Eastern District of Virginia |

**DECLARATION OF JASON KORAL IN SUPPORT OF NON-PARTY WITNESS WEB.COM GROUP, INC.'S OPPOSITION TO VERISIGN, INC.'S MOTION TO COMPEL ADDITIONAL TESTIMONY**

I, Jason Koral, hereby declare as follows:

1. I am a partner at the law firm Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036, counsel to Web.com Group, Inc. ("Web.com"). I make this Declaration in Support of Non-Party Witnesses Web.com Group, Inc.'s Opposition to Verisign, Inc.'s Motion to Compel Additional Testimony. I have personal knowledge of the following facts and, if called as a witness, could testify competently thereto.

2. On June 18, 2015, Verisign, Inc. ("Verisign") served a subpoena ad testificandum on Web.com (the "Subpoena"). The Subpoena requested that Web.com designate a witness with knowledge of five designated topics. The topics consisted of knowledge concerning several agreements between Web.com (and/or its affiliates) and XYZ, all entered into in the first half of 2014.

3. On June 24, 2015, I responded to the subpoena by designating Jason Teichman, Web.com's Chief Operating Officer, as the witness. Mr. Teichman was the senior executive with responsibility for the relevant transactions at Web.com.

4. On July 22, 2015, Verisign proposed that the deposition take place on August 4, 2015, and Web.com agreed.

5. On the afternoon of Friday, July 31, over a month after Mr. Teichman was designated as a witness, and only two business days before the scheduled deposition, I received an email from Verisign containing a new subpoena form, which sought testimony regarding 12 topics, more than double the number of topics set forth in the original subpoena. In particular, the new form sought testimony on certain internal Web.com accounting matters.

6. That same afternoon, Randy Miller, counsel for Verisign, called to discuss the new subpoena. I informed Mr. Miller that I did not know whether Mr. Teichman would have knowledge about the new topics.

7. Prior to the deposition on August 4, 2015, I informed Mr. Miller that although Mr. Teichman could identify and authenticate certain documents relating to accounting matters, his knowledge concerning that subject was limited. The deposition nonetheless went forward as originally planned.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2015, in New York, New York.

By: _____
JASON KORAL